UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERRY P. ALBRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-1045 |
| | § | |
| IBM LENDER PROCESS SERVICES INC, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Gerry Albright's ("Albright") Motion to Remand (Doc. 5), Defendant Lender Business Process Services, Inc.'s ("Lender") response (Doc. 8), Albright's reply (Doc. 9), and Albright's request for an oral hearing. (Doc. 6.) Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Albright's motion to remand should be denied.

I. Background and Relevant Facts

This is a breach of contract case. Albright, a Texas resident, owned real property located at 1010 Rosine #202, in Houston, Texas. (Pl.'s Original Pet., Doc. 5 ¶ 5.) This property was secured by a mortgage serviced by Bank of America. (Def.'s Response, Doc. 8 ¶ 1.) Bank of America transferred its interest to Lender. (Pl.'s Original Pet., Doc. 5 ¶ 5.) Lender is a Delaware corporation with its principal place of business in Oregon. (Doc. 1 ¶ 10.) Lender and Albright entered into a written contract which provided a modification of the loan and prevented any foreclosure or repossession proceedings. (Pl.'s Original Pet., Doc. 5 ¶ 6.) The contract specifically provided that initiation of foreclosure proceedings, sale of the property in a trustee sale or any other conduct by Lender that deprived Albright the use and

possession of the property was a breach of the contract terms.  (*Id*. ¶ 7.)  Subsequently, Lender foreclosed and took possession of the property.  (*Id*. ¶ 8.)  At the time of foreclosure, there was a tenant living on the property.  (*Id*.)  As a result of the foreclosure, Albright lost income from the tenant who was living on the property.  (*Id*.)

On December 10, 2010 Albright filed his Original Petition against Lender in Harris County state court for breach of contract.  (*Id*. ¶ 9.)  In his petition, Albright seeks damages for loss of income, mental anguish, damage to credit reputation, attorney's fees and court costs.  (*Id*. ¶ 12.)  Albright stated, "[h]owever, in no event is the amount in controversy in excess of $75,000.00." (*Id*. ¶ 10.)  On January 18, 2011, Lender was served with a summons and a copy of the Original Petition.  (Pl.'s Mot. to Remand, Doc. 5 ¶ 6.)

On March 3, 2011, Albright mailed a "Presentment Letter" to Lender's counsel stating that the "just amount owed is $75,000 plus attorneys' fees generated to date." (Doc. 1-1 at 34.) On March 21, 2011, Lender removed the case to this Court on the basis of diversity jurisdiction and asserted that the amount in controversy exceeded $75,000.  (Doc. 1.)  Albright now moves to remand.  (Doc. 5.)

II. Standard of Review

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996), (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

In cases such as this one, in which the plaintiff asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiff's claims for damages as set forth in the complaint remain presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961) (holding that the amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar*, 47 F.3d at 1412.

Unless the defendant can meet its burden, the plaintiff may avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount. See *St. Paul Mercury Indem. Co.*, 303 U.S. at 294, 58 S. Ct. 586 (holding that a plaintiff who does not "desire to try his case in federal court ... may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.

1995) ("If a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal."). However, it is well established that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

In determining whether the removing defendant has met its burden, the court looks to whether it is "facially apparent" from the plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum. *Allen*, 63 F.3d at 1335. The court examines the complaint to ascertain whether the amount in controversy is likely to exceed $75,000 by referring to the types of claims alleged by the plaintiff as well as the nature of the damages sought. *Id*. at 1335-36. If the removing defendant is able to establish that the amount in controversy exceeds $75,000, removal of the case is deemed proper unless the plaintiff can show that, as a matter of law, it will be unable to recover more than $75,000. *Id*.; *De Aguilar*, 47 F.3d at 1411. In other words, once the removing defendant has established, by a preponderance of the evidence, that the amount in controversy requirement is met, it must appear to a "legal certainty" that plaintiff's claim is for less than the jurisdictional amount for remand to be appropriate. *De Aguilar*, 47 F.3d at 1412.

III. Discussion

Albright argues that Lender's removal is untimely. (Pl.'s Mot. to Remand, Doc. 5 ¶ 6–8.) The general removal statute provides that a case which is not initially removable can become removable if notice of removal filed within thirty days after the receipt of "other paper from which it may first be ascertained that the case is one which has become removable." 28 U.S.C. § 1446(b). "Other paper" must result from the voluntary act of a plaintiff which gives the

defendant notice of the changed circumstances which now support federal jurisdiction. 28 U.S.C. § 1446(b); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). A post-suit demand letter is sufficient to qualify as "other paper" under 28 U.S.C. § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000). The period for filing a notice of removal runs only after the defendant receives a document from which he can ascertain removability. *Worthy v. Schering Corp.*, 607 F.Supp. 653, 656 (E.D.N.Y. 1985).

Albright commenced this action on December 10, 2010. (Pl.'s Mot. to Remand, Doc. 5 ¶ 6.) Albright served Lender with summons and a copy of the original petition on January 18, 2011. (*Id*.) In his original petition, Albright stated that the amount in controversy was in no event over $75,000. (Pl.'s Original Pet., Doc. 5 ¶ 10.) On March 3, 2011, Albright sent Lender's counsel a letter which stated the "just amount owed is $75,000 plus attorneys' fees generated to date." (Doc. 1-1 at 34.) This letter is considered a post-suit demand letter because it was sent after the initial pleading was filed in State court. *See Addo*, 230 F.3d at 494; *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164–65 n.8 (5th Cir. 1992). This was Lender's first indication that the amount in controversy was over $75,000 and diversity was ascertainable. Therefore, Lender's Notice of Removal filed in State court on March 21, 2011 is within the thirty-day period for removal. (Doc. 1.)

Albright argues that Lender has failed to prove the amount in controversy required for federal jurisdiction. (Pl.'s Mot. to Remand, Doc. 5 ¶ 1–5.) Relying on *GreatAmerica*, Albright contends that the only fees that should be included in determining the amount in controversy for purpose of diversity jurisdiction are those incurred up to the filing of the initial pleading. *GreatAmerica Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 387 F. Supp. 2d, 992, 996 (N.D. Iowa 2005) (the amount of controversy under 28 U.S.C. § 1332 should include the attorney's fees and

interest accrued at the time the lawsuit was filed in state court). Because Albright's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F3d. 636, 638–39 (5th Cir. 2003).

Plaintiff's citation to Iowa law is inapposite; in the Fifth Circuit, if a statute provides for the recovery of attorney's fees, then they are included in calculating the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Texas Civil Practice and Remedies Code states "a person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs if the claim is for: an oral or written contract." Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2007). Texas courts have consistently awarded attorney's fees in breach of contract cases. *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 (5th Cir. 2002) (statutory award of reasonable attorney's fees is mandatory if plaintiff prevails in breach of contract claim and recovers damages); *Sungard Energy Sys. Inc. v. Gas Transmission N.W. Corp.*, 551 F. Supp. 2d 608, 619 (S.D. Tex. 2008) (Texas law awards attorney's fees to party who prevails on breach of contract claim). Further, the potential future award of attorney's fees is included in calculating the amount in controversy. *Ray Mart, Inc. v. Stock Bldg. Supply of Tex., L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2005). Since Texas has a statute that provides attorney's fees in breach of contract cases, these fees are included in calculating the amount of controversy.

In his presentment letter, Albright stated that the just amount owed was $75,000 plus attorney's fees. (Doc. 1-1 at 34.) With the potential attorney's fees included, the sum exceeds the minimum threshold for federal jurisdiction. Although Albright has yet to stipulate his damages, he "concedes that if prosecuted to its full extent the attorney fees alone in this breach

on contract action will exceed the $75,000 threshold, given the amount required to date." (Pl.'s Reply, Doc. 9 ¶ 4.) It is clear that the amount in controversy in this case exceeds the $75,000 limitation required for diversity jurisdiction.

Albright further requests an oral hearing in order to test the legal theory and proof offered by the Defendant. (Doc. 6 ¶ 2.) "[T]he decision about whether to hold an oral hearing is left to the sound discretion of the district court." *Garza-Trevino v. New England Fin.*, 320 Fed. Appx, 203, 206 (5th Cir. 2009). An oral hearing does not need to be provided where is appears that substantially all material issues of fact can be resolved though the submission of written statements, and can be accomplished without oral testimony. *Trailways Inc. v. I.C.C.*, 681 F.2d 252, 253–54 (5th Cir. 1982). This Court finds that all material facts are resolved by the parties' written motions.

IV. Conclusion

Accordingly, the Court hereby

**ORDERS** that Plaintiff Gerry Albright's Motion to Remand (Doc. 5) and Request for Oral Hearing (Doc. 6) are **DENIED**.

**SIGNED** at Houston, Texas, this 28th day of November, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE